IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

KARRH & ASSOCIATES, LLC, an
Arkansas limited liability company,

      Plaintiff,

vs.

LASIK PARTNERS, LLC
d/b/a HERSCHEL VISION INSTITUTE, a
Florida limited liability company,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KARRH & ASSOCIATES, LLC ("Plaintiff" or "Karrh"), by and through its undersigned counsel, hereby sues Defendant, LASIK PARTNERS, LLC d/b/a HERSCHEL LASIK, d/b/a HERSCHEL LASIK AND CATARACT INSTITUTE ("Defendant" or "Herschel"), and alleges as follows:

## JURISDICTION & VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

2.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

3.     This Court also has subject matter jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1332 since the Plaintiff is a citizen of the State of Alabama and the Defendant is a citizen of the State of Florida and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00 USD), exclusive of interest and costs.

4.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant operates in this district, and Defendant is subject to personal jurisdiction in this district.

PARTIES

5.     Plaintiff is a limited liability company organized and domiciled in the State of Arkansas.

6.     Defendant is a limited liability company organized under the laws of the State of Florida.

7.     All conditions precedent to maintaining this action have been performed, are deemed excused, satisfied, or otherwise waived.

FACTUAL BACKGROUND

Page 2 of 18

8.   Karrh specializes in helping businesses control their messaging and grow their brand.

9.   Defendant Herschel is an ophthalmology center in Orlando, Florida offering the services of Mark Kelland ("Kelly") Herschel, MD.

10.   On or about June 12, 2019, Defendant and Plaintiff entered into a written agreement (the "Contract") in which Plaintiff agreed to provide various services, including, without limitation, to research, design, create, and validate a Practice Messaging Playbook, which is a comprehensive marketing and messaging plan (the "Playbook"), for a fee of $35,000.00 to be paid by Defendant. See Exhibit A.

11.   As part of the services provided under the Contract and at Defendant's request, Plaintiff visited Defendant's competitors in the area as well as Defendant's business as a "secret shopper," then prepared and delivered to Defendant a full report based thereon.

12.   Defendant agreed to pay for Plaintiff's services in two equal installments, the first installment taking place upon execution of the Contract and the second payment due 75 days after the effective date of the Contract or upon delivery and acceptance of the Playbook, whichever occurred first.

13.   Defendant paid the first installment of Seventeen Thousand Five Hundred Dollars ($17,500.00) to Plaintiff upon execution of the Contract.

14.     Completion of the Playbook was delayed due to the Defendant's actions, which include, by way of example only: requesting that another party travel with Plaintiff to Orlando, FL in order to evaluate Defendant's business and those of its competitors; Defendant's delay in choosing a website developer; Defendant's delay in paying an outstanding bill to its prior developer, which made the website inaccessible to Plaintiff and the new website developer; and Defendant's decision to update the logo for the business and resulting delay of four months in making a decision on the same.

15.     On March 13, 2020, Plaintiff completed the Playbook and delivered it to Defendant.

16.     On March 29, 2020, Defendant communicated a request for an extension to pay the remaining balance due to Plaintiff due to hardships created by the COVID-19 pandemic.

17.     Plaintiff granted the request.

18.     In April 2020, Plaintiff performed additional services for Defendant (the "Additional Services"), which included, without limitation, drafting the following content: COVID messaging and virtual meeting information for Defendant's website, letters, an email campaign, video scripts, and scripts for answers to frequently asked questions.

19.    Defendant asked Plaintiff to continue providing Additional Services at a rate of Six Thousand Dollars ($6,000.00) per month and Plaintiff agreed, by virtue of which Plaintiff and Defendant entered into a valid and enforceable verbal agreement (the "Verbal Agreement").

20.    Plaintiff and Defendant agreed that April's Additional Services would be prorated to Four Thousand Two Hundred Dollars ($4,200.00) for a partial month of Additional Services.

21.    Defendant paid the prorated fee of $4,200.00 for the Additional Services in April.

22.    Defendant requested that Plaintiff continue to provide the Additional Services in May 2020.

23.    Plaintiff provided Additional Services in May 2020 pursuant to the Verbal Agreement.

24.    Contemporaneously, Plaintiff continued to make updates to the Playbook, which were prudent and necessary due to the onset of the COVID-19 pandemic and delivered the same to Defendant.

25.    On May 29, 2020, Plaintiff informed Defendant, via email, that Plaintiff would not pay the agreed upon amount of Six Thousand Dollars ($6,000.00) for the Additional Services performed in May, nor would Plaintiff pay

the second installment due on the Contract, which amounted to Seventeen Thousand Five Hundred Dollars ($17,500.00).

26.    As such, the total amount due to Plaintiff, yet still unpaid, is Twenty-Three Thousand Five Hundred Dollars ($23,500.00).

27.    At no time between March 13, 2020 and May 29, 2020 did Defendant object to any portion of the Playbook or request changes.

28.    At no time did Plaintiff express any dissatisfaction whatsoever with the services provided pursuant to the Contract or the Verbal Agreement.

29.    In June 2020, after Defendant informed Plaintiff that Defendant would not pay the remaining amount due for the services provided under the Contract or the Verbal Agreement, and without seeking or obtaining permission or a license from Plaintiff, Defendant updated its website to include content from the Playbook, much of it verbatim.

30.    Defendant continues to use the Playbook and other works created by Plaintiff for which Plaintiff has not been paid.

31.    The Contract does not transfer the rights in and to the Playbook to Defendant.

32.    The copyright in and to the Playbook belongs to and is registered to Plaintiff. See Exhibit B.

## COUNT I: DECLARATORY AND INJUNCTIVE RELIEF

Page 6 of 18

33.    Plaintiff realleges and reavers paragraphs 1 through 32 as though fully set forth herein.

34.    This action is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure for a declaration that any copyright license, express or implied, granted by virtue of the Contract is void for lack of consideration and/or due to Defendant's material breach of the Contract.

35.    Plaintiff did not receive consideration, whether monetary or otherwise, in exchange for the rights purportedly granted to Defendant.

36.    There is a present need for declaratory and injunctive relief because Plaintiff and Defendant disagree with the other's position regarding the rights to the Playbook, and the parties are entitled to have a resolution of this issue declared and established.

37.    Furthermore, there is a bona fide, actual, present, and practical need for a declaration which will resolve the present state of facts and controversy.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    Declare that Plaintiff is the rightful owner of the rights in and to the Playbook, including, without limitation, the copyright;

    b.    Enter judgment in Plaintiff's favor against Defendant;

    c.    Award Plaintiff statutory and compensatory damages;

d.  Temporarily and permanently enjoin Defendant from further use of the Playbook;

e.  Award Plaintiff its interest, costs, and attorneys' fees; and

f.  Such other and further relief this Court deems just and proper.

## COUNT II: COPYRIGHT INFRINGEMENT

### 17 U.S.C. 101 § et seq.

38.  Plaintiff realleges and reavers paragraphs 1 through 32 as though fully set forth herein.

39.  The copyright in and to the Playbook belongs solely to Plaintiff.

40.  Plaintiff registered the Playbook with the United States Copyright Office pursuant to 17 U.S.C. § 501 and was issued Registration Number TXu 2-346-542. See Exhibit B.

41.  Without Plaintiff's consent, Defendant reproduced, distributed, and publicly displayed substantial portions of the Playbook.

42.  Defendant continued with such unauthorized use despite Plaintiff's request that all such infringing activity cease.

43.  As such, Defendant has willfully infringed Plaintiff's copyrights in and to the Playbook.

44.  The sole purpose of the use of the Playbook by Defendant was and is to generate profits by attracting new clients and retaining existing clients;

therefore, there is a causal relationship between the infringement and the Defendant's profits.

45.    As a result of Defendant's unauthorized use of the Playbook, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant for statutory damages, actual damages, Defendant's profits, interest, costs, attorneys' fees, and any such other and further relief that this Court deems just and proper.

## COUNT III: BREACH OF CONTRACT

### As to the Contract

46.    Plaintiff realleges and reavers paragraphs 1 through 32 as though fully set forth herein.

47.    On June 12, 2019, Plaintiff and Defendant entered into a valid and binding written agreement (the Contract).

48.    Plaintiff subsequently performed the services pursuant to the Contract.

49.    On March 10, 2020, Plaintiff sent Defendant an invoice in the amount of $17,500.00 for the remaining balance due for Plaintiff's services performed pursuant to the Contract. See Exhibit C.

50.     Plaintiff performed all conditions precedent or the conditions have occurred.

51.     On May 26, 2020, Defendant unequivocally indicated it would not fulfill its duties and obligations under the Contract when it refused to pay the invoice.

52.     Despite the existence of a contractual obligation to pay Plaintiff the remaining balance of $17,500.00, Defendant has failed to do so.

53.     Plaintiff is owed the balance of the invoice per the Contract.

54.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered, and continues to suffer, harm, including monetary damages for lost revenue.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant for the unpaid balance of the invoice, all interest incurred on the unpaid balance according to the terms of the invoice, costs, attorneys' fees, and any such other and further relief that this Court deems just and proper.

## COUNT IV: QUANTUM MERUIT

### As to the Contract

55.     This claim is pled in the alternative to Counts III and V. Accordingly, Plaintiff realleges and reavers paragraphs 1 through 32 as though fully set forth herein.

56.     Plaintiff performed the contracted services under the Contract, including, but not limited to, the research, design, creation, and delivery of the Playbook and visiting Defendant's competitors in the area as well as Defendant's business as a "secret shopper," then preparing a full report based thereon, thereby providing a substantial benefit to Defendant.

57.     Defendant accepted and retained the benefit.

58.     Pursuant to the Contract, Defendant promised to pay Plaintiff $35,000.00 and, therefore, Plaintiff reasonably expected payment from the Defendant.

59.     The amount due and payable to Plaintiff is reasonable in light of Plaintiff's expertise, experience, hours of work provided, and content delivered.

60.     Defendant only paid $17,500.00.

61.     Defendant has willfully failed to pay Plaintiff all monies due under the Contract.

62.     It would be unfair for Defendant to retain the benefit conferred by Plaintiff without paying Plaintiff in full therefor.

63.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in the form of remuneration promised but still owed.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant for the balance of the invoice or a reasonable sum of quantum meruit in lieu

thereof in the discretion of the Court, interest, costs and attorneys' fees, and such other and further relief that this Court deems just and proper.

## COUNT V: UNJUST ENRICHMENT

### As to the Contract

64. This claim is pled in the alternative to Counts III and IV. Accordingly, Plaintiff realleges and reavers paragraphs 1 through 32 though fully set forth herein.

65. At Defendant's request, Plaintiff provided various services including, without limitation, researched, designed, created, and delivered the Playbook for Defendant's use and benefit, and visited Defendant's competitors in the area as well as Defendant's business as a "secret shopper," then prepared and delivered to Defendant a full report based thereon.

66. A benefit was conferred on Defendant by Plaintiff, including, without limitation, the research, design, creation, and delivery of the Playbook and the "secret shopper" report.

67. At all times material hereto, Defendant knew of the benefit conferred by Plaintiff because it accepted and used the Playbook and the report.

68. Defendant accepted and retained the benefit conferred by Plaintiff when it accepted and used the Playbook and report made by Plaintiff.

69.    It would be inequitable for Defendant to retain the value of Plaintiff's services and collateral delivered in connection therewith without paying the promised remuneration.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant for the balance of the invoice or a reasonable sum based upon unjust enrichment in lieu thereof in the discretion of the Court, interest, costs, and attorneys' fees, and such other and further relief that this Court deems just and proper.

## COUNT VI: BREACH OF CONTRACT

### As to the Verbal Agreement

70.    Plaintiff realleges and reavers paragraphs 1 through 32 as though fully set forth herein.

71.    On or about May 2020, Defendant requested that Plaintiff perform Additional Services for Defendant.

72.    Both parties agreed that Plaintiff would perform the Additional Services for the sum of $6,000.00 per month.

73.    Plaintiff performed the Additional Services in May 2020.

74.    Defendant has refused to pay the agreed upon sum, despite demand.

75.    Defendant has breached the Verbal Agreement by failing to pay Plaintiff for the Additional Services performed by Plaintiff at Defendant's request.

76.     As a direct and proximate result of Defendant's breach, Plaintiff has suffered, and continues to suffer, harm, including monetary damages for lost revenue.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant for $6,000.00 due and owing per the parties' Verbal Agreement, interest, costs and attorneys' fees, and such other and further relief that this Court deems just and proper.

## COUNT VII: QUANTUM MERUIT

### As to the Verbal Agreement

77.     This claim is pled in the alternative to Counts VI and VIII. Accordingly, Plaintiff realleges and reavers paragraphs 1 through 32 as though fully set forth herein.

78.     Plaintiff performed the contracted services in May 2020 under the Verbal Agreement, namely, advisory services for Defendant, thereby providing a benefit to Defendant.

79.     Defendant accepted and retained the benefit.

80.     Pursuant to the parties' Verbal Agreement, Defendant promised to pay Plaintiff the sum of $6,000.00.

81.    The amount due and payable to Plaintiff is reasonable in light of Plaintiff's expertise, experience, hours of work provided, and the content delivered.

82.    Defendant has refused to pay Plaintiff for the services rendered, despite Plaintiff's repeated demands.

83.    Plaintiff is due the sum of $6,000.00 plus interest for services performed for but unpaid by Defendant.

84.    It would be unfair for Defendant to retain the benefit conferred by Plaintiff without paying Plaintiff therefor.

85.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in the form of remuneration contractually promised but still owed.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant for the balance of the invoice or a reasonable sum of quantum meruit in lieu thereof in the discretion of the Court, interest, costs and attorneys' fees, and such other and further relief that this Court deems just and proper.

## COUNT VIII: UNJUST ENRICHMENT

### As to the Verbal Agreement

86.    This claim is pled in the alternative to Counts VI and VII. Accordingly, Plaintiff realleges and reavers paragraphs 1 through 32 as though fully set forth herein.

87.    At Defendant's request, Plaintiff performed Additional Services during May 2020.

88.    A benefit was conferred upon Defendant by Plaintiff, namely Plaintiff's Additional Services.

89.    At all times material hereto, Defendant knew of the benefit conferred by Plaintiff because it requested and accepted the Additional Services after previously requesting, accepting, and paying for similar services.

90.    Defendant accepted and retained the benefit conferred by Plaintiff when it accepted the Additional Services from Plaintiff.

91.    It would be inequitable for Defendant to retain the benefit of the Additional Services without paying the promised remuneration.

WHEREFORE, Plaintiff demands judgment in its favor against Defendant for the promised remuneration or a reasonable sum based upon unjust enrichment in lieu thereof in the discretion of the Court, interest, costs, and attorneys' fees, and such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable.

Respectfully submitted on this 11th day of January 2023.

> By: /s/ Eileen O'Malley
> Eileen O'Malley
> Florida Bar No.: 0013816
> Korshak & Associates, P.A.
> 950 S. Winter Park Drive
> Suite 290
> Casselberry, Florida 32707
> T: (407) 855-3333
> F: (407) 855-0455
> E: eomalley@korshaklaw.com
> Attorney for Plaintiff

## VERIFICATION

I, James Karrh, declare as follows:

1.    I am the President of the corporate Plaintiff in the present case, a permanent resident of the United States of America, and a citizen of the State of Alabama.

2.    I have personal knowledge of the limited liability company, company activities, and company intentions, including those set out in the foregoing Complaint, and if called on to testify I would competently testify as to the matters stated therein.

Page 17 of 18

3.    I have personal knowledge of Defendant, Defendant's activities, and Defendant's intentions, including those set out in the foregoing Complaint, and if called on to testify I would competently testify as to the matters stated therein.

4.    I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

5.    I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning the limited liability company, company activities, and company intentions are true and correct, as are the factual statements concerning Defendant, Defendant's activities, and Defendant's intentions. 28 U.S.C. § 1746.

Executed this **5** day of **January** 2023.

By: _James A Karrh_
James Karrh

STATE OF **Alabama**
COUNTY OF **Tuscaloosa**

Sworn to and personally subscribed before me by means of ☒ physical presence or ☐ online notarization, by James Karrh ☒ who is personally known to me or ☐ who produced **Drivers license** as identification, and in witness whereof, I have hereunto set my hand and seal this on this **5** day of **January** 2023.

_Labrisca D. Blakney_
Signature of Notary Public

Name: **Labrisca D. Blakney**
My Commission Expires: **06 02 24**



Page 18 of 18

( EXHIBIT A        (


JimKARRH
managing the message

## Proposal: Herschel Lasik — Accelerate Practice Growth

### Business Situation Summary

Lasik Partners, LLC (dba Herschel Lasik) is looking for immediate help to accelerate growth in the practice. That growth will come through effective strategy and consistent implementation of: generating awareness among prospective patients; positioning the practice uniquely compared to competitors in the Central Florida markets; driving interest and inquiries; qualifying opportunities; creating consistent conversations within the staff to patients; and building a patient community for more testimonials, ratings, and referrals.

### Effective Date

The effective date of this agreement is June 12, 2019 ("Effective Date").

### Activities and Deliverables

Jim Karrh (dba Karrh & Associates, LLC) ("Consultant") is prepared to provide services to Herschel Lasik, including but not limited to:

- Creating, implementing, and refining a comprehensive marketing/messaging plan; establishing and reviewing metrics to measure the effectiveness of the plan; reviewing all available data provided by marketing service providers; establishing Standard Operating Procedures ("SOP") to continuously improve the performance of the marketing/messaging plan.
- Advising you on the selection of a website development provider and other marketing services providers
- Creating and refining content for a new website and advising on site design in concert with provider(s)
- Creating marketing (internal and external), advertising, and promotional messages
- Planning, scripting, coaching, and facilitating the production of video content for the website and YouTube
- Creating and implementing public relations opportunities
- Creating, scripting, coaching, and implementing effective internal staff messaging; establishing metrics to measure the effectiveness of the messaging; implementing appropriate phone system recording capabilities to capture both sides of staff-patient phone conversations; establishing Standard Operating Procedures ("SOP") to review staff messaging performance on a periodic basis (bi-weekly or monthly) and improve staff messaging performance
- Training management and staff on all aspects of the marketing/messaging plan, so that HL personnel can take over management of this function
- Serving as an "on-call" advisor to review results and metrics, plan new marketing campaigns, and evaluate sponsorship and community opportunities
- Such other advisory services as shall be helpful to facilitate the above activities

**Joint Accountabilities**

- We (Karrh & Associates, LLC) are responsible for providing regular updates and progress reports to management, at a mutually agreed upon schedule.
- Herschel Lasik will provide access to documents, key people, and assistance with scheduling to keep activities running smoothly.
- Consultant has executed Herschel Lasik's Consultant Confidentiality Agreement, which is attached hereto and made part of this agreement.
- The Herschel Lasik Leadership Team shall comprise Kelly Herschel MD, Flynn McDonald, and Mac Sutherland. Dr. Herschel has final decision-making authority.
- Any feedback from Consultant about individuals is restricted to the leadership team.
- Each of us will notify the other of significant changes that could impact this project.
- We are accountable to contact the other with issues, problems, or questions.
- Consultant shall not enter into consulting agreements with competitors of, or otherwise compete with, Herschel Lasik in the Central Florida area during the time of our engagement. We also agree not to enter into any such engagements in Central Florida for a period of twenty-four (24) months after we are no longer working together in any capacity.
- Consultant shall research, design, create, and validate a Practice Messaging Playbook ("Playbook"), which shall contain Herschel Lasik's comprehensive marketing and messaging plan. The Playbook shall be completed within 75 days of the Effective Date. Consultant shall provide progress reports on the Playbook on a bi-weekly basis.

**Playbook Fee**

$35,000 to research, design, create, and validate the Practice Messaging Playbook

**Terms and Conditions**

Terms include:
- Consultant's fees shall be paid through Herschel Lasik's regular bi-weekly payroll.
- 50% of the Playbook build fee ($17,500) will be paid at the first bi-weekly payroll following the Effective Date. The balance ($17,500) will be paid at the next regularly scheduled payroll following 75 days from the Effective Date, or sooner as subject to Consultant's completion of the Playbook and its acceptance in full by Herschel Lasik, which acceptance shall not be unreasonably withheld.
- This agreement may be terminated by either party upon thirty (30) days advance written notice
- Upon completion of the Playbook and its acceptance, Herschel Lasik engage Consultant for additional advisory work as described in this a same terms as are set out herein or mutually agreed between the pa per month ($5,461.54)) per bi-weekly payroll period for six months, at mutually agreed upon terms.
- Consultant will be paid through Herschel Lasik's regular bi-weekly pa basis.
- Consultant will submit a standard Herschel Lasik expense report for r travel, lodging, parking, or meals incurred as part of its work. Such expenses will be reimbursed at the next regularly scheduled payroll following approval of the expense report by Dr. Herschel.

- This agreement sets forth the terms of Consultant's employment with Herschel Lasik and supersedes all prior representations or agreements, whether written or oral, formal or informal.
- This agreement may only be modified by written agreement of the parties.

This proposal is confidential and is intended to be used and reviewed by the parties and their trusted advisers; it may not be shared with others.

For Lasik Partners, LLC

Mark K. Herschel

(print name)

6/12/19

Date

For Karrh & Associates, LLC

JAMES A. KARRH

(print name)

6/11/19

Date



HERSCHEL LASIK
and CATARACT INSTITUTE

## CONSULTANT CONFIDENTIALITY AGREEMENT

I, ___JAMES A. KARCH___, understand that, during the course of my employment with Herschel Lasik, I will be privy to confidential information:  patient, medical, business, and otherwise.  I agree to uphold the confidentiality of all such information.

I have been made aware and fully understand that a breach of confidentiality may result in termination of my employment and possible legal ramifications.

I further agree to maintain this confidentiality after my employment with Herschel Lasik ends.

_____
Consultant Signature

___6/12/19___
Date

1911 N. Mills Ave. Suite 100 Orlando, FL 32803
ph 407-894-8081 | fax 407-894-8082
www.LasikEyeOrlando.com

Herschel Lasik and Cataract Institute Confidential

# EXHIBIT B

**Registration Number**

## TXu 2-346-542

**Effective Date of Registration:**
December 07, 2022

## Title _____

Title of Work:    Herschel Vision Institute Messaging Playbook

## Completion/Publication _____

Year of Completion:    2020

## Author _____

- **Author:**    Karrh & Associates LLC
  **Author Created:**    text
  **Work made for hire:**    Yes
  **Domiciled in:**    United States

## Copyright Claimant _____

Copyright Claimant:    Karrh & Associates LLC
5701 Alexander Ave, Tuscaloosa, AL, 35406

## Rights and Permissions _____

Organization Name:    Karrh & Associates LLC
Address:    5701 Alexander Avenue
Tuscaloosa, AL 35406

## Certification _____

Name:    Davey T. Jay
Date:    December 07, 2022

Page 1 of 1

# EXHIBIT C



**To:**                                     Lasik Partners, LLC / Herschel Vision Institute

**Project:**                                Practice Messaging, Advisory, and Staff Coaching
**Invoice Date:**                           3/10/2020
**Invoice No.:**                            8514

| Activities | Investment Total |
|---|---|
| Practice Messaging Playbook - payment 2 of 2 | $17,500.00 |
| TOTAL DUE | $17,500 |

Karrh & Associates, LLC
116 Hickory Creek Circle
Little Rock, AR 72212
Employer ID number 26-4708002

THANK YOU!